### DENNIS McCARTHY *vs.* BOSTON AND LOWELL RAILROAD CORPORATION.

Middlesex.    January 17, 1889. — February 28, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Emancipation of Minor Child — Undisclosed Intent of Parent — Evidence.*

In an action of tort by a father for the loss of earnings of a minor son through personal injuries occasioned by the defendant's negligence, where the defence is that the father by his acts and conduct had emancipated the son, so that he was no longer entitled to his services, an undisclosed and secret intention on the part of the father not to emancipate the son is not material or competent to be put in evidence for the purpose of controlling his acts.

TORT by a father for the loss of earnings of a minor son, through personal injuries occasioned to him by the negligence of the defendant. Writ dated June 28, 1887.

At the trial in the Superior Court, before *Sherman*, J., the defendant admitted that the boy had received the injuries alleged, for which it was responsible, but contended that the plaintiff had forfeited his right to the earnings of his son by emancipating him.   Evidence was introduced tending to show that in 1883 or 1884 the plaintiff, upon being put under bonds to keep the peace on a complaint made against him by his wife, left his family, which consisted of his wife and four children including the son in question, and had resided away from them ever since; and that thereafterwards this son had collected his own earnings, the plaintiff contributing nothing to his support. The defendant put in evidence the deposition of the son, who was injured in November, 1886, and introduced evidence tending to show that he had been emancipated by his father.   On the redirect examination of the plaintiff, the following question was put to him, " Whether or not you had at any time intended to emancipate your son? "   The judge, upon objection being made to this question by the defendant, stated that he would allow the plaintiff to show any fact or any declaration to the son on the subject, and excluded the question.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*C. Cowley*, for the plaintiff.

*G. F. Richardson*, (*W. H. Coolidge* with him,) for the defendant.

C. ALLEN, J.   The facts disclosed in the present case were sufficient, if taken by themselves alone, to warrant the jury in finding an implied emancipation by the plaintiff of his son, which would cut off the father's right to collect and have the son's earnings, or to maintain an action of tort founded on the loss of the son's services.   *Nightingale* v. *Withington*, 15 Mass. 272.   *Wodell* v. *Coggeshall*, 2 Met. 89.   *Abbott* v. *Canverse*, 4 Allen, 530, 533.   *Dumain* v. *Gwynne*, 10 Allen, 270, 272.   *The Etna*, Ware, 462.   *Stansbury* v. *Bertron*, 7 W. & S. 362.

But the plaintiff contends that he did not in his own mind intend to emancipate his son, and the only question presented by the bill of exceptions is whether the plaintiff's undisclosed intent was a material element to be considered.   If it was material, no doubt the plaintiff might testify to it directly.   But

we think it was not material. If, for example, a father drives his minor son out of doors, and turns him upon the world to shift for himself, and then sues for his wages, he cannot be heard in court to say that in his own mind he nevertheless retained the intention of claiming them. Emancipation is a practical thing, and may be proved by conduct and acts; and the father's secret intent, contrary to the effect of his acts, could not affect the son's rights. By way of illustration, see *West* v. *Platt*, 127 Mass. 367, 372, and cases there cited; *Ford* v. *Ford*, 143 Mass. 577, 578; *O'Donnell* v. *Clinton*, 145 Mass. 461, 463.

The father's claim to recover damages for a personal injury to the son rests on the same ground as a claim to recover for his wages. He had forfeited his rights by his acts.

*Exceptions overruled.*