FOSTER LUMBER COMPANY v. V. A. KELLY.

**No. 363.** ( 58 Pac. 124.)

CONVERSION—*Pleading*—*Evidence.* In an action to recover the value of lumber taken and used by the defendant, it is not essential to a recovery that the plaintiff prove the taking to have been tortious although it is so alleged in the petition.

Error from Geary district court; O. L. MOORE, judge.   Opinion filed July 18, 1899.   Reversed.

STATEMENT.

PLAINTIFF in error sought to recover from the defendant in error the value of lumber taken by the defendant in error and used, being the property of the plaintiff company.   The petition alleges that the defendant wrongfully took possession of the lumber, and wrongfully converted the same to his own use.

The defendant objected, by his answer, to the jurisdiction of the court over his person because he was served with the process of the court upon the Fort Riley military reservation.   He denied wrongfully taking the lumber and wrongfully appropriating it to his own use, and denied that he is indebted to the plaintiff for a wrongful taking and conversion of the lumber described in the petition, or any other lumber. For a third defense, not waiving the question of jurisdiction, he alleged that he purchased certain lumber from the plaintiff, which is described in ".exhibit A" to the plaintiff's petition, for which he became indebted to the plaintiff in the sum of $127.46, and had paid the sum of five dollars for the plaintiff's use to the carrier for demurrage, leaving a balance due from him to the plaintiff of $122.46, and that before the commencement of the action he had tendered that sum to the plaintiff, and offered to bring the money

into court and abide any order of the court with reference thereto.

To this answer there was a reply denying all the matters contained in the answer inconsistent with the allegations of the plaintiff's petition. Upon the issue thus formed the case was set down for trial. At an evening session before the morning assigned for the trial defendant obtained leave of the court and withdrew his third defense. Upon this being done, over defendant's objection, plaintiff announced that by reason thereof it would not be ready on the following morning. When the case was called in the morning it objected to being forced into the trial under the changed condition of the pleadings at that particular day, and asked for a delay, which the court refused, and peremptorily called the case for trial. It appeared from the evidence, and there seemed to be no controversy about it, that the defendant had taken of the lumber in controversy an amount equal in value to about $122, but it was disputed by the defendant that he took it without the knowledge or consent of the plaintiff, the defendant claiming that he took it at the request of the plaintiff's agent, and that he had subsequently notified the plaintiff of the amount and character of the lumber so taken and used by him.

The court, in substance, instructed the jury that unless they found the taking to be wrongful the plaintiff could not recover, and that the gist of the action was the wrongful taking.

*Thos. Dever*, for plaintiff in error.

*W. S. Roark*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : We are of the opinion that the court abused its discretion in not granting the plaintiff time

to prepare to meet the changed conditions made by the pleadings, after permitting the defendant to withdraw his third defense. The petition states facts upon which the plaintiff had a right to recover the market value of the lumber taken by the defendant, without regard to whether it was taken wrongfully or rightfully. The third count of the answer admitted the taking of a specific amount of lumber of a certain value and left no controversy except as to the amount taken. There was no occasion to determine whether the plaintiff had waived a tort and was suing upon contract, or whether it was insisting upon a recovery by reason of a tort. It sought to recover the value of the lumber only.

The court instructed the jury that the plaintiff could not recover unless it proved that the taking was wrongful and without the knowledge and consent of the plaintiff, and refused to instruct the jury that if they believed the defendant had taken the plaintiff's lumber and converted it to his own use the plaintiff might recover the market value thereof, whether defendant took it with or without the consent of the plaintiff. The word "wrongful" was not an essential allegation of the plaintiff's case and ought to have been treated as surplusage. The real gist of the action was the recovery of the value of the property of the plaintiff had, retained and used by the defendant. If was not claimed that the defendant had ever paid for it. He admitted that he had not. There was sufficient evidence, uncontradicted, to sustain a verdict and judgment for the plaintiff, and the evidence did not sustain the verdict and judgment for the defendant. The court should have sustained the motion for a new trial.

The judgment is reversed and the case remanded, with directions to sustain the motion for a new trial, to be had in accordance with the views herein expressed.