Gunter, J.
Plaintiff in error brought replevin against Webb, as sheriff, for shoes held under writs of attachment and execution against Estes. The defense, title in Estes.
On trial a deposition tendered by plaintiff was excluded, and a nonsuit entered. Plaintiff says the rejection of the deposition was error. This defendant denies, and further contends the ruling was without prejudice, because with the deposition in, plaintiff had no case.
The facts pertinent are : Estes ordered shoes of plaintiff, *442 then countermanded the order. Through some misunderstanding, the goods were shipped, reaching the business house of Estes in his absence. He arriving, said to his clerks that the order had been revoked, and that plaintiff would send its agent to take charge of and sell the goods to some one else. Under instructions of Estes, the goods were set apart, and the clerks ordered not to use them. The agent of plaintiff came, received the goods, and made efforts to sell them to third parties. Failing, he left the goods set aside with the understanding between Estes and himself that the revocation of the order had been accepted; that the goods were the property of plaintiff; and that .Estes would ship the goods as soon as the agent could dispose of them to such point as agent of plaintiff might direct.
This in November, 1896. While the goods were still being held under this agreement, March, 1897, they were levied upon under the above writs as the property of Estes.
From the foregoing facts, title to the goods was not, at any time, in Estes.
The deposition of the salesman taking the Estes order, and who was sent by plaintiff to receive and dispose of the shoes, was necessary in establishing the foregoing facts.
This was rejected. The reason assigned below for the exclusion and urged here in support thereof, is that the deponent was incompetent to testify under section 4816, 2 Mills’ Ann. Stats.
Section 4822, 2 Mills’ Ann. Stats., so far as pertinent, reads thus : “ All persons, without exception, other than those specified * * * in the * * * second * * * section, may be witnesses.” The second section herein mentioned is 4816, supra, and so far as pertinent, is, “ That no party to any civil action, * * * or person directly interested in the event thereof, shall be allowed to testify therein * * * by virtue of the foregoing section (4822, supra), when any adverse party sues or defends as the executor of any deceased person.”
There is no limitation on common-law competency by sec *443 tion 4816. Its effect is to exclude the cases enumerated in section 4816 from the operation of section 4822.
The combined effect of sections 4816 and 4822, so far as material to the question before us, is to enlarge common-law competency so as to embrace all persons, except those within section 4816, and as to those to leave competency as at common law. “ Competency as witnesses of persons not parties to the record is presumed until the contrary appears, and the onus is upon the objector to show the incompetency.” Johnson v. Lightsey, 73 Am. Dec. 450. So far as the evidence discloses, deponent had no direct interest in the event of the action. He was only the agent of plaintiff in taking the original order of Estes, and the agent of plaintiff in making disposition of the goods ordered. As to which matters within the scope of his agency his testimony went.
That the witness was not directly interested in the event of the action, and was competent to testify under the common law. 1 Greenl. on Evidence, §§ 386, 390.
The witness was competent at common law, for the further reason that his testimony wenfyto the above enumerated acts performed by him, as agent, within the scope of his employment.
1 Greenl. on Evidence, § 416, says : “ The third class of cases excepted out of the general rule is that of agents * * * and other servants when offered to prove the making of contracts, the receipt or payment of money, the receipt or-delivery of goods and other acts, done within the scope of their employment.”
This witness, having no direct interest in the event of the action, is not within section 4816 ; hence competent to testify under section 4822. Further, being competent under the common law to testify, and common-law competency not being abridged by our statute, his deposition should have been received. The deposition went to material matters. Prejudicial error was committed in its rejection.
The judgment will be reversed.

Reversed.

Wilson, P. J., not sitting.