[No. 7801]

## Haynie v. Sites.

1. Trial—*Pleading and Evidence*—Doubts as to whether the evidence for the plaintiff varies from the material allegations of the complaint are to be resolved in favor of the sufficiency of the pleading.

2. Appeals—*Substantial Justice Accomplished*—The complaint alleged that plaintiff was the owner of certain hogs, of the value etc.; that one

H. sold them to the defendant, and the two converted them, praying judgment for the value. Plaintiff's testimony tended to. show that he himself sold the hogs to H., acting as agent for defendant. Verdict and judgment for plaintiff. On appeal it was objected that the complaint sounded in tort, and that plaintiff had been permitted to recover upon an alleged contract. Considering that the complaint demanded only the value, asking nothing for the alleged tort, that the defenses pleaded by defendant were available to him, whatever might be the frame of the action, and that defendant was not misled by the allegation of a wrongful conversion, defendant's contention was held without merit.

3. PRINCIPAL AND AGENT—*Duty of Those Dealing with Agent to Inquire as to His Authority*—One dealing for the first time with the agent of another, acting within the apparent scope of his authority is not affected by the secret instructions of the principal, nor is he bound to make inquiry as to the terms of the agency or the extent of the agent's authority.

*Error to La Plata District Court.*—Hon. CHARLES A. PIKE, Judge.

Mr. CHAS. L. JOHNSON, for plaintiff in error.

Mr. JAMES A. PULLIAM and Messrs. McCLOSKEY & MOODY, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

In the court below, plaintiff Sites recovered judgment against defendant Haynie for the value of a drove of hogs. One Haydon was joined as co-defendant. The testimony for the plaintiff tended to show that he had sold the hogs to the defendant Haynie through Haydon as agent for the purchaser. The testimony for defendant Haynie tended to show that he bought the hogs from Haydon; that the latter was not the purchaser's agent, and that, if we understand the theory correctly, the plaintiff would have to look to Haydon for the purchase money. The respective claims of the parties, as shown by the evidence, were submitted to the jury. The principal contention of the defendant is that the complaint alleged a cause of action for the wrongful conversion of

the hogs—an action founded on tort; that the proof was fatally variant from the allegations and the plaintiff was erroneously permitted to recover for the value of the hogs as in an action founded on contract.

The complaint could have been made a better pleading than it was. It may have been ambiguous, unintelligible and uncertain. It may have been subject to motion on different grounds. If it were, these defects have been waived under our practice. The attack now made upon it is substantially a demurrer to the effect that its allegations are insufficient to sustain the cause of action proven. In substance, it alleges that the plaintiff was the owner of the hogs; that Haydon sold them to Haynie; that these two unlawfully converted them to their own use to plaintiff's damage in the sum of $1,001; that that sum was the value of the hogs and was demanded and remained unpaid. Judgment was prayed for the alleged value.

It is plain that the plaintiff was endeavoring by this complaint to recover the value of the hogs taken by the defendant under circumstances which called upon the latter to account, whether the taking was rightful or wrongful. It is often said that when chattel property is wrongfully taken and converted to the wrongdoer's use the owner may waive the tort and sue for the value in an action founded on an implied promise to pay the value. *Martin v. McCarthy,* 3 Colo. App. 37, 32 Pac. 551.

The gist of the complaint was for the recovery of the value of the plaintiff's property, which the defendant had taken and converted, under circumstances that called upon him to account for it. This being so, it was immaterial how the defendant obtained it so long as the circumstances under which it was obtained made him liable for the value. *Foster Lumber Co. v. Kelly,* 9 Kans. App. 377, 58 Pac. 124. A complaint similar in many respects

was held to allege an action on contract for the value and not one in tort for the wrongful conversion in *Smith v. McCarty,* 39 Kans. 308, 18. Pac. 204. Were there any doubt that there was no variance between the proof and the material allegations of the complaint it would be in harmony with our code to resolve that doubt in favor of the sufficiency of the pleading under the circumstances that exist. It claimed only the value and nothing in addition by reason of the alleged tort. The defenses pleaded by the defendant were available to him whether the action was one in tort or one on contract. His testimony was as much a defense to one action as to the other. He claimed no defense nor offered any testimony that would have been available in the one action and not in the other, as in the Kansas case last cited. The cause proceeded below as though it was the value of the hogs that plaintiff sought and was so treated in the instruction. The defendant was not misled by the complaint as it was, nor would he have been benefited if the allegation with respect to the wrongful conversion had not been in it.

As it is plain that the complaint is sufficient to sustain the cause of action, which plaintiff's testimony tended to prove, the court did not err in overruling the motion to strike that testimony, nor another motion for non-suit. The other errors assigned relate to the giving and refusing of instructions and most of them need not be noticed, as they are based on the premise that the complaint is one in tort and not on contract. One instruction requested by defendant and refused by the court stated that a person dealing with an agent for the first time is bound to inquire into the terms of the agency and to ascertain the extent of his authority; that the plaintiff is bound to inquire what authority had been given Haydon; that if he did not inquire what authority was given the agent, then the plaintiff was bound by the actual authority given. Another instruction refused was in

effect that, if Haydon exceeded his authority as to price, plaintiff could not recover. It may be that under other circumstances these requested instructions might have stated the law. We do not think they were applicable in this case. The evidence for the plaintiff was to the effect that Haydon was the agent of Haynie for the purchase of hogs. The price offered by Haydon was shown to be the value of the hogs. There was nothing about that price that indicated that Haydon was exceeding his authority, nor was the price such as to have put the plaintiff on his guard. There was no circumstances shown that in any way put the plaintiff upon inquiry more than to know that Haydon was an agent acting within the apparent scope of his authority. The plaintiff's testimony tended to prove him such agent. On the other hand, the testimony for defendant Haynie tended to prove that Haydon was no agent at all for the defendant, but that he acted for himself or for the plaintiff. In this state of the testimony, Haydon was the agent of Haynie acting within the apparent scope of his authority, or he was no agent at all, and the plaintiff was not called upon to make the specific inquiries indicated in the instructions refused, for if Haydon was such an agent as the plaintiff's testimony showed he was, the plaintiff was not bound by secret instructions given to the agent.

The court, in substance, instructed the jury that the plaintiff was seeking to recover the value of certain hogs alleged to have been sold and delivered to Haynie, through Haydon acting for the purchaser; that the plaintiff had to establish these allegations by a preponderance of the evidence and that if they found these allegations to be true, and that Haynie had not paid for the hogs, then the plaintiff could recover, notwithstanding there was an understanding existing between Haynie and Haydon as to prices to be paid for hogs, concerning which Sites had not been informed. Under this instruction, if

the jury believed from the evidence for the plaintiff that Haydon was acting for Haynie; that the hogs were sold and delivered to Haynie, through Haydon, and that Haynie had not paid for them, the verdict would be for plaintiff, but if they believed from Haynie's testimony that Haydon was not acting for him, then their verdict would be for the defendant.

The judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GARRIGUES and Mr. JUSTICE SCOTT concur.