.King, J.,
delivered the opinion of the court.
- Charles Courtland Brown, an attorney-at-law, died in the city and county of Denver, October 25, 1908. Letters testamentary issued November 4, 1908; December 7th was fixed as claim adjustment day, and notice duly published. October 29, 1909, Gobin Stair filed in the county court, the. folio wing claim:
“Estate of C. C. Brown, deceased,
“To Gobin Stair, Dr.
“April, ’08. That C. C. Brown held in trust and converted the sum of Two Thousand Dollars belonging tp; Gobin Stair.......................$2,000
“Credit — Paid on above account............ 500
“Balance............................$1,500”
December 3rd notice pf the filing of said claim was served on the executrix. Trial was had December 17, *143 1909, and judgment rendered disallowing the claim for reasons which do not appear of record. An appeal to the district court was taken, and, upon trial de novo in that court, a judgment in the sum of $1,411.86 in favor of the plaintiff was rendered upon verdict of a jury, from which judgment an appeal was taken to the supreme court.
In the district court, immediately after the opening statement made to the jury by claimant’s counsel, which statement, by request of opposing counsel, was taken down .by the reporter, motion was made to dismiss the proceeding for the reasons, (1) no such account has been filed as required by law. (2) No notice of the filing of such claim was served on the executrix within one year after the issuance of letters testamentary. (3) There is a fatal variance between the claim as filed and the opening statement of counsel for claimant. This motion was overruled. The same objections were interposed to the introduction of evidence, and overruled.
Such further statements of the proceedings as are deemed necessary will he made in connection with the opinion ,on the errors assigned.
1. Appellant contends that the claim as filed does not comply with the provisions of law relative to the manner of exhibiting claims against estates; Upon its face, the claim as filed appears to he upon an account of one transaction only, consisting of a single debit of $2,000 for money received by Brown for the use of the claimant and converted to Brown’s own use, and a single credit of $500 paid thereon. Although inartistically drawn, it sufficiently states the demand under the statute making formal pleadings unnecessary in such probate matters. —Section 8002, Mills’ (1912), R; S., 1908, section 7212; It appears beyond controversy that the executrix knew of the claim. As the facts generally upon which it whs based were, and for a long time prior to its filing had *144 been, known to her, she could in no manner have been prejudiced by the form in which it was presented.
2. Appellant also contends that because no notice of intention to exhibit said claim was served by the claimant on the executrix until after the expiration of one year from the granting of letters testamentary, the claim was barred by the statute'of limitations, in support of which counsel cited Alvater v. First National Bank, 45 Colo., 528, 103 Pac., 378. That case is not controlling, inasmuch as it was based upon statutory provisions different from those which obtain and govern the proceedings in the present case. That opinion expressly states that the claim was barred by reason of the provisions of the fourth subdivision of section 4780, Mills’ Ann. Stats., which is as follows:
“Fourth. All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be exhibited within one year from the granting of letters as aforesaid, shall compose the fourth class; provided * * * all demands not exhibited within one year as aforesaid shall be forever barred, unless such creditor shall find other estate of the deceased no,f inventoried or accounted for by the executor or administrator, ’ ’ etc.
While it is not clear why that statute was held to be applicable in that case, it was probably so held because the administration of the estate was in process of settlement prior to the taking effect of the act of 1903, while the latter act was in full force and effect at the time of the issuance of letters testamentary in the instant case. By that act, section 4780, Mills’ Annotated Statutes, was repealed, and the following substituted for subdivision fourth quoted in the opinion, to wit:
“Fourth. All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be filed in the county court within one year from *145 the granting of letters as aforesaid, and thereafter allowed by the court, shall compose the fourth class, provided * * * all demands not filed within one year as aforesaid, and afterwards allowed shall be forever barred,” etc.
Under the former act it was held that a claim was not exhibited until notice given as provided in section 4784. That rule does not apply to the new section in which filing only is necessary within the year- to arrest the running of the statute.
3. Appellant’s counsel urge that the court erred both in denying appellant’s motion to dismiss the action upon the opening statement of plaintiff’s counsel and the motion to grant a non-suit at the close of his testimony, because, it is said, the opening statement, which, together with the claim filed, constitute the pleadings in the case in the district court, as well as the evidence introduced in support of the claim constituted a departure and variance from the cause of action stated in the claim itself; and for the further reason that the cause of action stated by counsel and established by his evidence, if any cause of action was proven, was to declare and enforce a resulting trust, which the probate court had not jurisdiction to try or determine, and for that reason jurisdiction to try the issues was not vested in the district court by the appeal. This contention was earnestly urged upon the oral argument, and Cree v. Lewis, 49 Colo., 186, 112 Pac., 326, and Marshall, Admx., v. Marshall, 11 Colo. App., 505, 53 Pac., 617, relied on, in addition to many other authorities cited in the printed brief.
There was.nothing in the opening statement made by counsel which necessarily constituted a departure or variance from the cause of action exhibited by the claim on file, and nothing whatever in said statement, nor in the evidence offered in support of the claim, showing a cause of action of which the county court could not take *146 cognizance, nor issues which it might not try and decide. If such cause of action upon a resulting .trust had been disclosed by the evidence, we think appellant waived the question of jurisdiction of the district court to try it by failing to make the proper objections' until after the cause had been tried upon its merits. The district court has original jurisdiction of the subject matter of trusts and partnerships, and to try all the issues that are alleged by counsel for appellant to be involved. By the appeal it acquired jurisdiction of the persons, and by entering upon the trial without objection predicated upon the jurisdiction of the probate court to try the issues, that objection should.be regarded as waived. — Tucker v. Tucker, 21 Colo. App., 94, 121 Pac., 125; Fairbanks, Morse & Co. v. Maclead, 8 Colo. App., 190, 194, 45 Pac., 282; Marshall, Admx., v. Marshall, 11 Colo. App., 505, 509, 53 Pac., 617. But, without regard to waiver, appellant’s contention is.untenable, unless the court first adopts her theory that the cause of action was upon and for the enforcement of a trust resulting from the fact that Brown took in his’own name the title to real estate which was paid for in part by the funds of the claimant; that he elected, to proceed upon that cause of .action; that the county court had not jurisdiction to try that issue; therefore, the district court acquired none; and that as an action for money had and received, or as for money received in trust and unlawfully converted, it cannot be sustained. The claimant did not accept that theory, and the court rejects it.
Plaintiff claimed, and his evidence tended to show, that his father and he were attorneys for Mrs. Julia Smart in a suit pending against her in the district court of the City and County of Denver; that claimant’s father, being about to die, .advised his son to secure the services of said Courtland C. Brown, an experienced attorney, to assist in the case; that after his father’s death, the claim *147 ant advised his client to secure the services of said Brown as associate counsel, which she did; that an express agreement was then made or definite understanding had between Stair and Brown, of which Mrs. Smart had personal knowledge, that such fees as the attorneys might collect would-be equally divided between Stair and Brown, and as to the amount, the said Brown authorized the fixing thereof by Stair, and so stated to Mrs. Smart; that Stair and Brown were associated as counsel during the pendency of the proceedings, and until the conclusion thereof in favor of their client; that immediately upon the conclusion of the suit, Brown advised the client and her husband to depart from the state and remain away; that before departing, and at divers times thereafter, she asked Brown for settlement, but was put off on various pretexts, and after she had gone to California, some time during the year 1907, was told .that Brown would go to California in February, 1908, and then make the settlement. In the spring of 1908, Brown went to' California, and there met the client and demanded of her a fee of $3,000 in cash, or, in lieu of cash, a deed for certain real estate in the city of Denver, which the client valued at $4,000 or more. Mrs. Smart protested against the charge as exorbitant and unconscionable, and contrary to her agreement with the Stairs, and asserted her right to settle the same with- Stair according to-the original agreement. Negotiations for settlement continued, during which Brown, insisting upon payment or a deed in accordance with his terms, threatened to return to Colorado and “tie up” all the plaintiff’s property and income to secure the payment of his fee, and produced a power of attorney from Stair, authorizing him to settle with the client for all services jointly performed by Stair and Brown. Armed with this power of attorney, and under threats of legal proceedings, Brown induced Mrs. Smart to execute a deed conveying to him the real estate, under *148 an agreement that the conveyance should satisfy the fees of both'Brown and 'Stair, and that Brown would settle with Stair. After receiving the deed, he tendered to Mrs. Smart a receipt of $3,500 signed by him individually in satisfaction of his fees, and one of $500 signed by him as attorney in fact for Stair in satisfaction of Stair’s fees. Mrs. Smart protested against such division of the fees, declaring that the agreement had been for an equal division between the attorneys, that she had delivered the deed with the understanding that the fees were to be so divided, and demanded a return of the deed, which was refused, with the statement that $500 was all that Stair had earned. Pending the negotiations in California, Brown wrote to Stair, without advising him of the amount of fees he was undertaking to collect, stating that he had insisted upon $500 to be paid to Stair, and secured his permission to settle for that amount, either for Stair alone or to be divided between the two. Upon receiving' the receipts given by Brown as aforesaid, and his refusal to return the deed, Mrs. Smart notified Stair of the amount of fees demanded and the deed given, whereupon Stair tendered a return .of Brown’s check for $500 and demanded a conveyance to him of one-half the real estate, or payment of one-half its value, as his share of the fees as agreed upon. Brown refused, and Stair commenced suit against Brown in the district court, the nature of which is not disclosed by the record, except by the indefinite statements of counsel for either side. While that suit was pending, Brown died, the suit was abandoned, and claimant elected to file his claim as a general creditor against the, estate as for money had and received by Brown and wrongfully withheld or converted. Appellant urges in this court that the former suit is still pending, .and therefore is a bar against this proceeding. That question was not raised in the trial conrt. Former, suit pending is a matter of defense, which must be pleaded, *149 or, where there are no formal pleadings, must be raised by. proper objections at the trial, or will be considered as waived.
, Under the facts which claimant’s evidence tended to prove, he had a right to sue in equity for an undivided one-half interest in the real estate, title to which Brown had wrongfully taken in his own name, or wrongfully retained after demand for conveyance; or, waiving the tortious act of Brown, sue for the value, of one-half of said real estate, or the amount of claimant’s fees which Brown had received and withheld. At common law, the action might have been in assumpsit, or in debt as for money had and received, upon the theory of a quasi or constructive contract. It was proven beyond any question, and we think is not disputed, that Brown was authorized to collect from Mrs. Smart the attorney’s fees which were due to Mr. Stair, whatever that amount might be, and which were payable in cash; that without Stair’s knowledge or consent, he accepted in payment of said fees a parcel of real estate, giving a receipt in Stair’s name as for a fixed amount in' cash, which he assumed to be the share to which Stair was entitled, thereby discharging the client from any liability for services performed by Stair. It is well settled that where the liability of the person from whom money was due has been discharged by payment to one .claimant who does not assert any hostile claim to the whole amount, another claimant who is entitled to a share in the money may maintain an action, for money had and received against the claimant so paid. — 27 Cyc., 859; Webb v. Morris, 64 Hun (N. Y.), 11, 18 N. Y. Suppl., 711. Upon these authorities, and for the reasons given, the claimant herein had the right to proceed against the estate as for money had and received, and the privity between the claimant herein and. Brown sufficient to support an action for money had and received results from the fact that Brown had retained *150 property of the claimant which he had in conscience no ■right to keep. In snch cases, the law implies a promise that he will pay it over. — 27 Cyc., 857, and cases cited under notes 41, 42 and 44; Mumford v. Wright, 12 Colo. App., 214, 55 Pac., 744; Zang v. Bernheim, 7 Colo. App., 528, 44 Pac., 380. An action for money had and received has often been sustained upon the principle of quasi contract, which bears the same relation or analogy to a contract proper that a constructive trust bears to an express trust.. ./The quasi contract is a constructive contract, as distinguished from either implied or express contracts, and is defined rather as a relation than as a contract — a fiction of law adapted to enforce legal duties by actions of contract where no proper contract exists, express or ^implied.' — Keener, Cases on Contracts, vol. 1, p. 92; McCarthy v. Boston & L. R. R., 148 Mass., 550, 552, 20 N. E., 182, 2 L. R. A., 608; 3 Blackstone. Comm., 159, 166. In this class of relations, commonly designated as contracts in order to adapt the case to a remedy, intention is disregarded ; the duty defines the contract. — Maine, Ancient Law, 1; Keener, Quasi-Contracts, 5. A constructive trust arises purely by construction of equity, and is entirely independent of any intention of the parties to create a trust, and often directly contrary to such intention. It is frequently called a trust ex maleficio or ex delicto. It is entirely in invitum, forced on the conscience of the trustee to prevent fraud, or to work justice. — 39 Cyc., pages 26 and 27; Washburn, Real Property, sec. 1430; Walker v. Bruce, 44 Colo., 109, 117, 97 Pac., 250.
■ Prom the close analogy between constructive com tracts and constructive trusts may be drawn the reason for the well-settled rule that a person entitled to recover may elect to proceed in equity to declare and enforce the trust, or may waive the tort from which the trust ex delicto is raised, and sue in assumpsit for the value of that which has been tortiously taken, or, if not wrongfully *151 taken, wrongfully and tortiously withheld. — Keener, Quasi Contracts, 159; Miller et al., Exrs., v. Miller, 7 Pick. (Mass.), 133, 19 Am. Dec., 264; Ainslie v. Wilson, 7 Cow. (N. Y.), 662, 668, 669, 17 Am. Dec., 532; Connecticut & Pass. Riv. R. R. v. Newell, 31 Vt., 364; Standish v. Ross, 3 Ex. Rep., 527; Boon v. Ravey, 49 Vt., 293, 296; Martin v. McCarthy, 3 Colo. App., 37, 41, 32 Pac., 551, and cases cited.
In Ainslie v. Wilson, supra, it is said:
“If an agent receives property for his principal, and there is no presumption that it has been converted into money, the action for money had and received will not lie; but if the agent appointed to collect a money debt should accept from the debtor in extinguishment, property as money, he would not be permitted to question this form of action.” (Assumpsit.)
In the instant case it has been shown that Brown received a conveyance of real estate in satisfaction of a money debt owing from their client to him and the claimant jointly and which was payable in cash, and that he gave his receipt for the same in the sum of $4,000 as for money paid and received; that so far as Stair was concerned, the said Brown was acting as his agent, whether considered as a partner in this single transaction, or under the power of attorney by virtue of which he professed to act, and, therefore, he ought to have been es-topped from questioning, as to form, an action brought by Stair to recover his share of the fee collected, and his executrix should now be so estopped; and further, the amount or value for .which the real estate was taken, as shown by Brown’s receipts, would be at least prima facie evidence of the amount of the joint fee so collected. By his settlement with Mrs. Smart in full for himself and his associate, and by tendering or paying to Stair the sum of $500, Brown admitted the right of Stair to share in the fees collected to that extent, but denied his right *152 to recover any greater amount or to have any portion of the real estate conveyed to him, so that the main question in issue upon the trial, and necessary to be determined by the court, was the amount of said fee belonging to the claimant herein. The evidence tended to show that the real estate was actually worth the sum of four thousand dollars, and, due allowance having been made by the jury and court for taxes paid by Brown, the verdict cannot be said to be excessive.
Appellant insists that the evidence was not sufficient to sustain the finding of the jury; that, inasmuch as a resulting trust in realty was involved in one phase of the case at least, the character of the testimony necessary to sustain plaintiff’s claim for money value is the same, and governed by the same rigorous rule that is applied in establishing resulting trusts in real estate, namely, that it must be clear, certain, satisfactory, and, according to some authorities, conclusive; that it cannot be established by mere hearsay or circumstantial evidence, or evidence of the declarations of a party to a mere stranger to the transaction. Assuming, but not deciding, that to establish plaintiff’s claim for money had and received, the same character and amount of evidence is required as apply to a resulting trust, we think the evidence received is sufficient, and satisfies the rule, granting, of course, that the testimony of Mrs. Smart was given full credit by the jury, as it must have been. There is no reason apparent from the record why it should be discredited. The testimony of Mrs. Smart to statements made by Brown in her presence relative to the amount of the fee, and that it was to be equally divided between Brown and Stair, were not mere hearsay, or declarations of a party to a mere stranger to the transaction or in chance conversation such as is condemned by the supreme court of the United States in Purcell v. Pullman, 4 Wall., 515, 519, 18 L. Ed., 459, and LeRoy et al. v. Newton, 49 Colo., 490, *153 113 Pac., 529, and by numerous decisions of the supreme court and court of appeals of this state. The conversation at the time the contract of employment of Brown was entered into was triangular, between Stair, Brown and Mrs. Smart; she was not a stranger to the transaction, but a party to it, materially interested in it, and her questions to Brown and the answers given by him in the presence of Stair were such as, if believed, would convincingly establish a definite agreement and understanding as to the division of the fees. This agreement and understanding, Brown violated, retaining six-sevenths of the fee actually collected, paying to Stair only the remaining one-seventh, and it seems impossible that the jury could have arrived at any other verdict on the evidence, if credited.
Decided November 10, A. D. 1913.
Rehearing denied December 8, A. D. 1913.
The instructions given, fully and fairly state the law of the case. No objection or assignment of error has been overlooked or regarded as abandoned. Finding no prejudicial error, and being satisfied that substantial justice was done, the judgment will be affirmed.

Affirmed.