Morgan, J.
Thomas sued Fernald for money had and received, alleging that he had paid $3000 to him as part payment for a three-fourths interest in an automobile business, the principal value of which was a selling agency for a certain automobile, and that the purchase could not be carried out on account of Fernald’s failure and refusal to secure the continuation and transfer of such agency contract, which Fernald had with the manufacturers; alleging, also, that Fernald fraudulently represented that such contract of agency was good for one year, while, in fact, the contract provided that it could be canceled by the manufacturers on two weeks notice. Fernald died before the trial and his executors were substituted, and judgment on a verdict for $1000 was entered against them, the court instructing the jury that the plaintiff could not recover $2000 of the amount claimed. Plaintiff brings error, and the defendants assign cross-errors.
The contention of the plaintiffs in error, that the cause of action stated in the complaint did not survive the death of Fernald, and could not be maintained against his executors, is without merit; because an action for money had and received, although obtained through fraudulent misrepresentations by the seller and as part payment on a sale of property that is not completed on account of such fraud on the part of the seller, survives the death of the seller; the action is, nevertheles, ex contractu, against the seller and his esate, which has been enriched by the receipt of the money.' The action does not come within that class of actions that do not survive. Sec. 7258, Rev. St. 1908; *261 Ryer v. Blaisdell, 26 Colo. App. 387, 143 Pac. 385.
It is also contended that the court was without jurisdiction because the claim was not first presented to the probate court for allowance against the estate. This contention is without merit, because there is nothing in the present statute of wills, or elsewhere, that divests the District Courts of their constitutional jurisdiction of such matter as the one in controversy; furthermore, the executors were duly substituted, and they answered and entered into the trial, and the court proceeded to a judgment without objection on their part, on such ground. Brown’s Estate v. Stair, 25 Colo. App. 140, 146, 136 Pac. 1003 Although the act of 1905 repealed secs. 3617 and 3618 of the General Statutes of 1883, which provided that “creditors who may bring their actions in the district court,” and file a “transcript of the record of judgment entered,” in the county court, shall have their judgments “classed and paid as other demands;” such repeal did not divest the District Courts of their constitutional jurisdiction, but only repealed a statutory right that existed without the statute. Tucker v. Tucker, 21 Colo. App. 94, 98, 121 Pac. 125.
It is contended that the action, before the amendment of the complaint, was ex delicto, for fraud and deceit, and that the amendment changed it to an action ex contractu, but the complaint, even without the amendment, is not so construed. A complaint states a cause of action ex contractu, for “money had and received,” even though the allegations are that the money was obtained through fraud and deceit. Ryer v. Blaisdell, supra; Jameison House Furn. Co. v. Brainard, 16 Colo. App. 509, 66 Pac. 775.
It is also contended that the witness Clark was directly interested in the event of the suit and was not a competent witness because of his interest under sec. 7267, Rev. St. 1908. It is not believed that the witness was “directly interested” within the meaning of that statute. In order that a witness should be barred from testifying under that *262 statute he should be clearly within the exception, 40 Cyc. 2260, 2262, 2280. The mere fact that he might be relieved from liability himself, by a judgment against another, where he is not a party to the suit, and is not testifying of his own motion, is not sufficient to bring him within the exception provided in that statute. King Shoe Co. v. Chittenden, 16 Colo. App. 441, 66 Pac. 173.
The next contention is, that the judgment, on the verdict for $1000, ought to be reversed, for the reason that such recovery was permitted by the court, by instructcion No. 2, involving a submission to the jury of a state of facts and circumstances not alleged in the complaint. This instruction was to the effect that such transaction constituted a wrong perpetrated upon the plaintiff by reason of which Fernald obtained from him the $1000. It is true the facts were not specifically alleged in the complaint, but the complaint states that “on or about October 29, 1909, and Nopember 9, 1909, Fernald had and received the respective sums of $2000, and $1000, to the use of the said plaintiff, which the said Fernald had always failed and refused to pay.” The allegations were sufficient under which to permit the testimony and to justify the instruction. The defendants could have required these allegations to be made more specific; they were made by amendment long bfore the trial. Even if the variance were technically true, this court ought not to reverse the judgment, for such reason, in the face of the statute which provides that'“no judgment shall he reversed or affected by reason of such error or defects.” Sec. 20, page 17, Sess. Laws, 1911.
Cross-error is assigned, based upon instruction No. 1, taking from the jury the right of the plaintiff to recover under the evidence the $2000, had and received on October 29, aforesaid. It is concluded this was error. The evidence tended to prove that this $2000 was wrongfully obtained and withheld. The plaintiff’s witness testified that the $2000 was paid to Thomas by Fernald under the belief, *263 from the latter’s representations, that the contract with the manufacturers was good for a year; he then testified that such contract contained a provision that it could be cancelled on two weeks notice by the manufacturers; he then testified that Thomas told Fernald that he was ready to pay the balance of the purchase price if Fernald would guarantee the continuation of said contract for a year, and that Fernald refused to do anything toward the matter, and even refused to write the manufacturers about it, or permit Thomas to do so, but there and then stated to Thomas that, “you can close the deal up now or not at all,” and then put on his hat and walked out, telling the witness to get the $1000 back from .Thomas, which the witness had put up on the deal. These facts made out a plain prima facie case, and the lower court might be directed, as requested by the plaintiff, to enter judgment for the $2000, also, were it not for the testimony of Mr. White, which ought to be made less obscure, but which indicated a waiver by Thomas of Fernald’s misrepresentations; and for some farther conflict in the evidence arising from the testimony of Mr. Stark and Mr. Thomas concerning the issue as to whose fault it was that the contract of purchase was not carried out. This court is not disposed to direct a lower court to enter a judgment where there is any conflict in the evidence that might be submitted to a jury. For the reasons given the judgment will be affirmed as to the $1000, and the ease reversed and remanded for further proceedings as to the $2000, in accordance with this opinion.
Decided April 12, A. D. 1915.
Rehearing denied June 14, A. D. 1915.

Judgment affirmed in part and reversed in part.