## No. 9501.

### THOMAS *v.* SELKREGG ET AL., EXECUTORS.

1. PRACTICE IN ERROR—*Law of the Case.* Where upon a second trial, after the reversal of the judgment first given, the facts shown are substantially the same as those presented at the first trial, the opinion of the court of review is the law of the case. It is not to be contended that the evidence is insufficient.

2. EXECUTORS AND ADMINISTRATORS—*Discharge of,* does not impair the right of the plaintiff in a pending cause to proceed to judgment.

3. PAYMENT—*Effect.* Action demanding $3,000. Judgment for plaintiff for $1,000. Plaintiff having brought error he was held entitled to the $2,000 previously denied to him. Payment meantime of the $1,000 had no effect to impair plaintiff's right of action.

*Error to Denver District Court, Hon. A. Watson McHendrie, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. L. J. STARK, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS in an action *ex contractu* for money had and received, and was brought to recover the sum of $3,000 which, it is admitted, was paid by the plaintiff to the testator of the defendants.

The first trial of this cause resulted in a judgment on a verdict for $1,000, in favor of the plaintiff, and an instruction to the jury that the plaintiff could not recover the remaining $2,000 of the amount sued for. The case was then taken to the Court of Appeals which, on review of the same, affirmed the judgment as to the recovery of the $1,000, and remanded the cause for further proceedings as to the $2,000. *Selkregg v. Thomas,* 27 Colo. App. 259, 149 Pac. 273. Thereafter, a second trial, as to the $2,000 in question, was had, at which, and at the conclusion of the evidence for the plaintiff, the defendant moved for a directed verdict upon the ground, as stated in the motion, "that the plaintiff has not in a number of respects

made out the case that is alleged in his complaint." The motion was sustained by the trial court; judgment was rendered accordingly, and the plaintiff brings the cause here for review.

It is the contention of the plaintiff in error, plaintiff below, that the trial court, upon the second trial, did not follow the "law of the case" as announced by the Court of Appeals, and therefore erred in directing a verdict for the defendants.

The trial court directed the verdict upon the theory that a cause of action for money had and received was neither pleaded nor proven. The Court of Appeals, however, held that such a cause of action was pleaded, and that the evidence for the plaintiff, upon the first trial, made out a plain *prima facie* case for the plaintiff, and therefore reversed the trial court's action in denying plaintiff a recovery of the $2,000, and remanded the case for further proceedings as to such sum. Upon the second trial, the facts in favor of the plaintiff were not only substantially the same as those shown upon the first trial, but the evidence made out even a better case. The defendants contend that the evidence was insufficient, but under the rules relating to the *Law of the Case* this point cannot be now urged. In 4 C. J. 1217, it is said: "* * * Where the facts shown on the second trial are substantially the same as on the first trial, the decision of the appellate court is binding on the lower court and it may and should in conformity with the decision of the appellate court, submit the case or certain issues to the jury, * * * or direct a verdict for plaintiff. * * * Where the Appellate Court has decided that the facts proved raised a question for the jury, it is error for the lower court on a second trial in which the same, or practically the same, facts are developed, to * * * direct a verdict * * * on the same ground on which it directed a verdict at the first trial." See also 2 R. C. L. 227, sec. 191. It was clearly error for the trial court to direct a verdict for the defendants.

The defendants in error contend to the effect that a correct result was reached by the judgment below, or, that the trial court would have been warranted in sustaining their motion, made at the beginning of the trial, to dismiss the case on the ground, as stated in the motion, "that the judgment was paid and satisfied" and that the defendants, who are sued as executors, have been discharged as executors and the estate of their testator closed by the probate court. We find no merit in this contention. At the time the executors were discharged, the litigation was still pending in the sense that steps were being taken toward suing out a writ of error to review the proceedings had upon the first trial. The executors themselves afterwards brought the case to the Court of Appeals. The mere fact that the executors were discharged did not and does not affect plaintiff's right to proceed with litigation pending and unsettled at the time of such discharge. *Smiley v. Cockrell*, 92 Mo. 105, 4 S. W. 443; 18 Cyc. 1192. As to the payment of the judgment for $1,000, that fact does not, under the circumstances existing in this case, estop the plaintiff from continuing the litigation as to the $2,000. It was insisted by the defendants themselves in their reply brief filed on the former review of this case, that plaintiff's right to recover the $1,000 was based on a transaction separate and distinct from that involved in his claim of the remaining $2,000 sued for. The Court of Appeals treated plaintiff's entire claim as one consisting of two separate items, one of $1,000, and one of $2,000. It is not admitted in the pleadings that the settlement of the $1,000 judgment was an unconditional settlement of the whole litigation. Without detailing the facts involved in the contention now being considered, it is sufficient to say that the admitted facts relied on do not sustain such contention.

The judgment is reversed and the cause is remanded with directions to the trial court to enter judgment for plaintiff in the sum of $2,000 with interest thereon at eight per cent. per annum from November 9, 1909.

*Reversed and remanded.*

Chief Justice Garrigues and Mr. Justice Bailey concur.