**Amy BRITVAR d/b/a Amy Britvar Real Estate and Management Company, Plaintiff–Appellant,**

v.

**Lewis I. SCHAINUCK, Defendant–Appellee.**

**No. 88CA0241.**

Colorado Court of Appeals, Div. IV.

Dec. 7, 1989.

Rehearing Denied Jan. 4, 1990.

Certiorari Denied June 11, 1990.

Waller, Mark & Allen, P.C., Denis H. Mark, Denver, and Dennis B. Green, Aspen, for plaintiff-appellant.

Richard Y. Neiley, Jr., P.C., Richard Y. Neiley, Jr., Aspen, for defendant-appellee.

Opinion by Judge HUME.

Plaintiff, Amy Britvar, d/b/a Amy Britvar Real Estate and Management Co., appeals the judgment that denied her claim for compensation from defendant, Louis I. Shainuck, for management and leasing services rendered, and refused to grant prejudgment interest on her award of out-of-pocket expenses. We affirm.

Plaintiff contends the trial court erred in not awarding her compensation for services rendered based on quantum meruit, unjust enrichment, or quasi-contract. We disagree.

A quasi-contract is a fictional contract created by equitable construction to enforce duties by actions in contract under certain circumstances in which no express or implied contract exists. *Estate of Brown v. Stair*, 25 Colo.App. 140, 136 P. 1003 (1913).

To recover on the basis of quasi-contract or unjust enrichment, plaintiff must establish that a benefit was conferred upon defendant; that defendant had an appreciation of receiving such benefit; and that defendant accepted and retained the benefit under such circumstances that it would be inequitable for there to be no payment for its value. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986); *Dass v. Epplen*, 162 Colo. 60, 424 P.2d 779 (1967).

A plaintiff cannot recover for unjust enrichment on a quasi-contractual claim for services rendered absent proof of circumstances indicating that compensation is reasonably expected. *Shuck Corp. v. Sorkowitz*, 686 P.2d 1366 (Colo.App.1984); *see*

*Bloomgarden v. Coyer,* 479 F.2d 201 (D.C. Cir.1973); *see also* Restatement (Second) of Restitution § 2 (Tent. Draft No. 2, 1984).

 Here, the trial court found that discussions between plaintiff and defendant regarding compensation for her management and leasing services did not rise to a sufficient level to form a contract between the parties. Furthermore, the trial court found that plaintiff had failed to prove that defendant had accepted the benefits of her services under circumstances that would warrant a reasonable expectation that compensation should be paid. Although the evidence is conflicting, there is support in the record for these findings, and we will not disturb them on review. *See Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

 Plaintiff also contends that, as to the judgment awarding her recovery of out-of-pocket expenses, the trial court erred in refusing to order payment of prejudgment interest pursuant to § 5–12–102, et seq., C.R.S. (1989 Cum.Supp.). We disagree.

Section 5–12–102, et seq., C.R.S. (1989 Cum.Supp.) is to be liberally construed to permit recovery of prejudgment interest on money or property wrongfully withheld. *Mesa Sand & Gravel v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989). In *Mesa Sand & Gravel,* an express contract was at issue, and the court held that although the statute permits recovery of prejudgment interest from the date of contractual breach, recovery was limited, in conformity with the relief prayed in plaintiff's complaint, to run from the time the case was filed.

Here, in contrast, the record reveals that the parties had no contractual agreement requiring reimbursement of out-of-pocket expenses, and that plaintiff made no demand or claim for reimbursement of such expenses until she submitted an itemized list in her trial brief the day before trial. At that time, defendant readily agreed to reimburse the expenses so claimed.

Thus, since there is no evidence that such reimbursement was either due, claimed, or wrongfully withheld, prior to the start of trial, plaintiff is not entitled under the stat-

ute at issue to prejudgment interest on the award of out-of-pocket expenses.

 Although the trial court's refusal to grant prejudgment interest was incorrectly based on the unliquidated nature of plaintiff's claim, *see* § 5–12–102(3), C.R.S. (1989 Cum.Supp.); *see also Murdock v. Cohen,* 762 P.2d 691 (Colo.App.1988), its refusal to grant prejudgment interest is correct and will not be disturbed on review. *Cole v. Hotz,* 758 P.2d 679 (Colo.App.1987).

The judgment is affirmed.

CRISWELL and NEY, JJ., concur.