## Gilman Tyng *vs.* City of Boston.

Norfolk.    Jan. 12.— Sept. 7, 1882.    Lord, Field & C. Allen, JJ., absent.

Under a statute, authorizing a city to annex a penalty not exceeding fifty dollars for a breach of its by-laws, its board of fire commissioners (whose only authority is to make regulations subject to penalties provided for the breach of the city by-laws) has no power, after finding a person in the employ of the fire department guilty, on charges of violations of its rules and regulations, to sentence him to "forfeit the amount of one month's pay," which is one hundred dollars, a rule of the department providing that violations of its rules and regulations may be punished by fine; and he may maintain an action against the city for the amount so declared to be forfeited, and such action is not a violation by him of an agreement that he would be subject to the penalties in the regulations of the fire department.

Contract to recover $100, the amount of one month's pay for services rendered by the plaintiff as engineer of a steam fire engine belonging to the fire department of the defendant city. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*E. W. Burdett*, for the plaintiff.

*E. B. Hagar*, for the defendant.

W. Allen, J.    The only defence relied upon is, that the pay sued for was forfeited by the action of the board of fire commissioners; and the answer made to that defence is, that the commissioners had no authority to declare the pay forfeited. The rule of the fire department provided that violations of the rules

and regulations of the department might be punished by reprimand, fine, suspension or dismissal. This was the only authority under which the board of fire commissioners, having found the plaintiff guilty, on charges of violations of the rules and regulations, sentenced him to "forfeit the amount of one month's pay, and be dishonorably discharged from the fire department." The amount of one month's pay was one hundred dollars.

The authority of the fire department is to make regulations subject to penalties provided for the breach of the city by-laws. St. 1850, *c.* 262. By the St. of 1821, *c.* 110, § 15, power was given to the city to make by-laws, and to annex penalties not exceeding twenty dollars for the breach thereof. By the St. of 1854, *c.* 448, § 35, it was provided that the penalty should not exceed fifty dollars. The authority by the statute was to annex a penalty not exceeding fifty dollars; the penalty annexed by the rule was a fine; the penalty imposed under the rule was the forfeiture of a debt of one hundred dollars due from the city of Boston to the plaintiff. If the forfeiture of pay could be construed to be a fine, it must be limited to the amount which could be imposed as a fine; and if the rule which authorizes the commissioner to punish by fine (not limiting the amount of the fine) is valid, it is because it impliedly limits the fine to an amount which it is within the authority of the fire department to prescribe. The commissioners had no authority to declare the pay forfeited; and the plaintiff, in demanding it, is not violating his agreement that he would be subject to the penalties named in the regulations of the fire department.

*Judgment affirmed.*