JOHN F. NORTON *vs.* INHABITANTS OF BROOKLINE.

Norfolk. March 5, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Municipal Corporations. Fire Commissioner. Practice, Civil,* Agreed facts.

If a fire commissioner of a town, who has authority to discharge a fireman at any time and again to employ him, stops his pay for a stated future period as a penalty for misconduct, such stoppage of pay is not a fine and legally may exceed the amount which the town is authorized to impose as a fine.

When a case is submitted to the Superior Court on agreed facts and no power is given to draw inferences, that court by its finding can add to the statement only such conclusions as the law implies. If a power to draw inferences is given, and is exercised by the Superior Court, this court will not revise the finding further than to decide whether the facts agreed furnished any warrant for the conclusion drawn.

CONTRACT against the town of Brookline for $61.25 alleged to be due the plaintiff for services as a member of the fire de-

partment of that town during one week from February 5 to February 12, 1900, and two weeks from August 20 to September 3, 1900. Writ in the Municipal Court of Brookline dated July 2, 1901.

On appeal to the Superior Court the case was heard on the following agreed facts : Before February 5, 1900, complaint having been made against the plaintiff for leaving his horses while in the discharge of his duty, and attempting to assault a motorman, a hearing was given by the fire commissioner on January 27, 1900, at which the plaintiff was present; and the fire commissioner found that the plaintiff was in the wrong, and notified him that he would lose a week's pay. The plaintiff made no objection of any kind, and continued to perform his duties as usual.

Thereafter before August 20, the plaintiff having been complained of by the assistant chief for intoxication, another hearing was given him by the commissioner on August 18, 1900, at which he was present and admitted the charge. The commissioner thereupon notified him that he would lose two weeks' pay, be reduced to the ranks from the position of lieutenant which he then held, and be transferred to another station. The plaintiff made no objection to the loss of pay, but asked for remission of the loss of his rank, which was not granted.

The plaintiff thereafter continued to serve as a member of the fire department, until he resigned at the suggestion of the fire commissioner, on or about May 14, 1901, and made no claim for the pay in question until after his resignation.

No question was raised by the plaintiff as to the fairness of the hearings, or the merits of the charges, but his contention was that these amounts were fines, which the fire commissioner had no right to impose, and that therefore the sums declared forfeited were due to him.

It was further agreed, that the fire commissioner was the head of the fire department, and as such had the right to employ such persons as might be required for that department, to determine their duties, and to discharge them at any time for cause which he deemed sufficient. St. 1899, c. 135.

The plaintiff served as a member of the fire department for about two years and during all the time of his employment, and subsequently, it had been the custom of the department, with

which the plaintiff was familiar, instead of discharging men for minor offences, to stop their pay for short periods at a time.

If upon the above facts the plaintiff was entitled to maintain this action, judgment was to be entered in his favor for such amount as he might be entitled to and costs; otherwise, judgment was to be entered for the defendant, with costs. The Superior Court gave judgment for the defendant; and the plaintiff appealed.

*J. F. Quinlan*, for the plaintiff.

*W. D. Turner*, for the defendant.

HOLMES, C. J. This is an action by a former member of the fire department to recover pay stopped by the fire commissioner for misconduct. It was submitted to the Superior Court on agreed facts, and judgment was rendered for the defendant. The plaintiff appeals. The single ground of the action is that the stoppage of pay was a fine and of greater amount than the fire commissioner was authorized to impose. St. 1899, c. 135. Pub. Sts. c. 35, §§ 32, 36; c. 27, § 15. *Tyng* v. *Boston*, 133 Mass. 372.

The plaintiff was employed on an indefinite contract, subject, it is agreed, to discharge at any time for cause which the fire commissioner deemed sufficient. St. 1899, c. 135, § 1. In *Tyng* v. *Boston*, as appears by the papers in the case, the pay which the fire commissioners declared forfeited was pay which already had become due, whereas in this case the forfeiture was notified before the services were rendered for which the pay is claimed; but still it may be argued that the character of the forfeiture is not changed by that circumstance. It may be said that the plaintiff was employed under one continuing contract, *Savoy* v. *Dudley*, 168 Mass. 538, *Gandy* v. *Jubber*, 9 B. & S. 15, 18, that to deprive the plaintiff of his rights under it stands on the same footing when those rights accrue after the announcement as when they accrue before, and that practically the plaintiff was under the necessity of rendering the services or of losing his place and therefore cannot fairly be treated as having assented to the forfeiture if it was of a kind that ought not to be imposed. See *Malcolm* v. *Boston*, 173 Mass. 312.

We feel the force of the argument for the plaintiff, but we are of opinion that it is not entitled to prevail. In this, as in

so many other cases, the line of distinction between two principles which impinge upon each other is likely to have a technical look when regarded by itself. But a line is the necessary result of the admission of the two principles and of their difference, and its precise place of incidence necessarily will depend upon comparatively nice considerations. In this case we assume for the purposes of argument that the fire commissioner could not have imposed this forfeiture as a fine. On the other hand, as we have said, he had power to discharge the plaintiff at any time. The statute also gave him power to appoint such firemen as he deemed necessary. Therefore he might have discharged the plaintiff and afterwards have allowed him to serve, and, so far as appears, to serve as a volunteer in the hope of re-employment. But that is the substance of what happened, although it was not drawn out into a formal expression. While treated as one contract so long as nothing happens to make a change, the later employment being "a springing interest arising upon the first contract and parcel of it," 9 B. & S. 18, an employment of this sort, which is terminable at any time, is subject to modification at any moment by either party as the condition of its continuing at all. See *Preston* v. *American Linen Co.* 119 Mass. 400, 404 ; *Lamson* v. *American Axe & Tool Co.* 177 Mass. 144. It even may be split up when justice requires, for instance, to allow a plaintiff to recover for his work until the time had run out during which he lawfully was employed by an agent, although he had worked continuously for a longer time. *May* v. *Gloucester*, 174 Mass. 583, 585. See *Attorney General* v. *Equitable Accident Ins. Association*, 175 Mass. 196, 199.

It is said that the fire commissioner had no authority to change the terms of the plaintiff's employment. Nothing appears except the statute to which we have referred, and the fact that the town in its defence of this action is adopting his act. We cannot assume that the defence set up is unauthorized. It is said further that it does not appear that the plaintiff knew his rights when, as it is expressed, he waived them. What happened, as we have said, was in substance that he was given his choice between being discharged and going on for a time without pay. Undisclosed ignorance of the law on one

side could make no difference in the operation of a waiver, properly so called. It certainly makes no difference in the validity of a contract or in the effect of rendering services purporting to be rendered gratuitously. It is equally immaterial what the plaintiff may have intended so long as it was not disclosed. *Bohn Manuf. Co.* v. *Sawyer,* 169 Mass. 477, 482. *Hobbs* v. *Massasoit Whip Co.* 158 Mass. 194, 197. *McCarthy* v. *Boston & Lowell Railroad,* 148 Mass. 550, 552. *West* v. *Platt,* 127 Mass. 367, 372.

A fine is imposed upon a person generally, and if valid may be collected from his property so far as it is subject to his personal obligations. In *Tyng* v. *Boston,* if the stoppage of the plaintiff's pay was lawful, a suit against him would have been an alternative remedy. Here there was no attempt to impose such an alternative liability. There was an announcement to the plaintiff that if he saw fit to remain he must remain at one time for a week, at another for two weeks, at gratuitous service, with liberty to remain thereafter on the terms of again drawing pay. We are of opinion that the fire commissioner is not shown to have exceeded his power.

A mistaken argument for the defendant leads us to add that when a case is submitted on an agreed statement of facts, if no power is given to draw inferences the Superior Court has no greater power than this court. It can add to the statement only such conclusions as the law implies. If a power to draw inferences is given, then of course it may be exercised by the Superior Court, and this court will not revise the finding further than to decide whether the facts agreed furnished any warrant for the conclusion drawn.

*Judgment affirmed.*