ARTHUR W. FRENCH *vs.* CITY OF LAWRENCE.

Essex.    November 9, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Performance and breach.    *Pleading, Civil*, Declaration.

A declaration, in an action of contract against a city, alleging that the plaintiff served as a police officer of the defendant, lawfully appointed and qualified, for a period named and until a certain day, and that from that day until the date of the writ he was at all times ready to discharge the duties of his office at the daily compensation paid by the defendant, but was prevented from doing so by the agents of the defendant, and that upon a proper demand payment for his services had been refused, is good on demurrer as setting forth a cause of action.

In a declaration in an action of contract against a city for services as a police officer, in which it is alleged that the plaintiff, after an appointment and after service of six or seven years, offered to perform his duties but was prevented from so doing by the agents of the defendant, an averment that on a certain day the plaintiff " was illegally and unjustifiably prevented and restrained from performing the duties of his office by the agents of the defendant " cannot be interpreted on demurrer as an averment that the plaintiff had been suspended or removed from his office or that his offer of services was made during such suspension or after such removal.

CONTRACT against the city of Lawrence.    Writ dated January 27, 1905.

The declaration alleged that the plaintiff was appointed and confirmed a police officer of the defendant in the year 1897, and that he performed the duties of a police officer until December 27, 1904; that on said date he was illegally and unjustifiably prevented and restrained from performing the duties of his office by the agents of the defendant city; that the compensation of a police officer as fixed by the defendant was at the time the plaintiff was so prevented from performing the duties of his office and up to and including the day of the bringing of his writ $2.75 a day; that the plaintiff never had been removed legally from his office and that he held himself in readiness to perform the duties of his office at all times between and including December 27, 1904, and the date of his writ, but was prevented from so performing his duties by the agents of the defendant; that the plaintiff had demanded compensation from the defendant for the time that

he was thus prevented from performing the duties of his office, but had been refused such compensation, amounting to the sum of $85.

The defendant demurred to the declaration, assigning as cause of demurrer that the matters set out in the declaration were insufficient in law to enable the plaintiff to maintain his action. In the Superior Court the case was heard by *Gaskill*, J., who sustained the demurrer, and gave judgment for the defendant. The plaintiff appealed.

*J. J. Donovan*, for the plaintiff.

*J. P. Kane*, for the defendant.

BRALEY, J. By demurring generally the defendant admits all the allegations which are well pleaded, or essential to enable the plaintiff to maintain his action. *Chenery* v. *Holden*, 16 Gray, 125. *Dole* v. *Weeks*, 4 Mass. 451.

The plaintiff, from anything disclosed by the declaration, was rightfully in possession and exercising the functions of his office, and no material averment is found upon which the defendant relying upon *Phillips* v. *Boston*, 150 Mass. 491, 494, can base an argument that if the plaintiff unlawfully has been suspended or removed before he commenced the present action he must be restored to his office by appropriate legal proceedings before it can be maintained.

When separated from certain descriptive averments, it appears that the plaintiff served as a police officer lawfully appointed and qualified until December 27, 1904, and from that time to January 27, 1905, the date of the writ, was at all times ready to discharge the duties of his office at the daily compensation paid by the defendant, but was prevented by its agents, and that upon a proper demand payment has been refused.

These allegations when proved are sufficient to support the action. For a readiness to perform services where the plaintiff has been duly appointed, and, without being under disability, is acting under a continuing contract at a fixed daily rate of pay or salary, gives him a cause of action, if his services are refused. *Malcolm* v. *Boston*, 173 Mass. 312. *Norton* v. *Brookline*, 181 Mass. 360.

Because the plaintiff added certain qualifying phrases, the demurrant contends that the action cannot be maintained. These

averments are that the agents of the city illegally and unjustifiably prevented and restrained the plaintiff from performing his official duties.   But taking them as they stand, neither literally, nor by fair intendment can these words receive an interpretation which gives to them the force of positively averring that the plaintiff either had been suspended or removed from his office ; or that his tender of service was made during such suspension, or after a removal.   And as no allegation of the illegality of the defendant's action, or of justification by him for his tender of services was called for, proof of neither would be required in a trial of the merits to establish a case to which the defendant must answer.   *Read* v. *Smith*, 1 Allen, 519, 521.   *Rindge* v. *New England Mutual Aid Society*, 146 Mass. 286, 289.   *Spicer* v. *Lynn & Boston Railroad*, 149 Mass. 207, 209.

The declaration then, states the ordinary case of a public subordinate official under a contract of service tendering performance which the municipality refuses to receive, and therefore prevents.   *Norton* v. *Brookline, ubi supra.*

Or within the principle already stated, that the omission of allegations which need not be proved in order to make out a case does not render a declaration demurrable, it may be said that so much of the first sentence which is included within the phrase, " that on said date he was illegally and unjustifiably prevented and restrained from performing the duties of his office by the agents of the defendant city," and its connective " so prevented from " may be treated as surplusage.   *Stevens* v. *Bigelow*, 12 Mass. 433, 438.   *Lord* v. *Tyler*, 14 Pick. 156, 165, 166. *Hampshire Manufacturers Bank* v. *Billings*, 17 Pick. 87, 90. *Lyons* v. *Merrick*, 105 Mass. 71, 77.

The declaration consequently sets forth a cause of action, and if the defendant desires to raise the issue that during the period covered, the plaintiff was for cause either suspended or removed from his office, and hence is not entitled to recover, such a defence must be pleaded in the answer.   See *Williams* v. *Gloucester*, 148 Mass. 256, 259.

*Judgment reversed ; demurrer overruled.*