## MARY A. GALLAGHER vs. MARY HUSSION.

Suffolk.   November 15, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Deceit.*

An allegation in a declaration that the defendant falsely and fraudulently repre-
sented that she desired to purchase the plaintiff's lodging house business for
$600, relying on which the plaintiff suffered loss, is too indefinite and too re-
mote to sustain an action of deceit.

TORT for alleged deceit, changed from a bill in equity by an
amendment filed and allowed on December 19, 1910.

The defendant demurred to the declaration and, after an amend-
ment by the plaintiff, demurred to the declaration as amended.
The allegations, which, it was assumed in favor of the plaintiff
were contained in the declaration, are stated in the opinion.

The case was heard upon the demurrer by *Pierce,* J., who sus-
tained the demurrer and ordered judgment for the defendant.
From the judgment entered in pursuance of this order the plain-
tiff appealed.

*E. M. Shanley,* for the plaintiff.

*E. A. Howes, Jr.,* for the defendant.

HAMMOND, J.   Even if it be assumed in favor of the plaintiff
that the declaration sufficiently avers that the defendant repre-
sented to the plaintiff that she desired to purchase the plaintiff's
lodging house for $600 and desired to obtain a lease of the house
from the plaintiff's landlord, that relying upon such representations
and induced thereby the plaintiff procured for the defendant the
desired lease, that the representation that the defendant desired
to purchase the lodging house for $600 was a false and fraudulent
statement of the defendant's desire, which the defendant then well
knew, and that the plaintiff has been thereby dispossessed of the
house to her great damage, there is nevertheless one fatal objection
to the plaintiff's case.

The representation that the defendant desired to purchase the
lodging house for $600 was too indefinite and too remote to be a

material representation. The declaration nowhere avers that the plaintiff would have sold her lodging house for that sum, or that the defendant had agreed to buy it at that price, or indeed at any price. The mere desire of the defendant, standing alone, unconnected with any agreement to purchase and going no further than a desire is an immaterial circumstance, and the plaintiff in relying upon it can gain no cause of action.

*Demurrer sustained.*