BROCKLEHURST AND POTTER COMPANY *vs.* JOHN MARSCH.
A. C. READ & another *vs.* SAME.
WILLIAM McLEAN, assignee, *vs.* SAME.

Worcester.    January 17, 1916. — September 13, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Pleading, Civil,* Declaration, Common count. *Damages,* Measure of, Capability of ascertainment. *Reference and Referee. Contract,* Validity, Implied in law.

Although allegations in a declaration which are inserted purely by way of reply to an anticipated defence are not ground for a demurrer, their insertion is not to be commended.

In an action of contract and tort by a subcontractor against a general contractor who had had a contract for the construction of a portion of the line of a railroad which was terminated by the railroad corporation, where it was admitted by demurrer that the plaintiff had released the defendant from all liability on account of work done by the plaintiff on the railroad, in return for which the defendant had agreed to collect from the railroad corporation all claims for damages to the plaintiff and to himself and to pay to the plaintiff his "*pro rata*

---

* Entered by order of *Jenney,* J.

share of the amount recovered, taking into consideration in said *pro rata* distribution all things relating to the work performed, including plant, general outfit, etc.," that the defendant had settled all claims with the railroad corporation and fraudulently had represented to the plaintiff that the net amount received by him was less than it was in fact and that his expenses incurred in connection with the settlement were greater than they were in fact, whereby the plaintiff was induced to receive in payment a sum much less than his *pro rata* share, it was *held*, that the amount of money which it was stipulated should be paid to the plaintiff by the defendant was as easy of ascertainment by the usual methods of court trial as are the damages in many cases successfully disposed of by courts and juries.

In the case above described, it also was admitted by demurrer that it further had been stipulated between the parties that, in case the plaintiff and the defendant were "unable to agree upon said *pro rata* distribution, then, and in that event, the distribution shall be made by three arbitrators whose decision, it is hereby agreed, shall be final. Said board of arbitration shall be composed of said [defendant] and two disinterested members who have a practical knowledge of such work as has been performed; said arbitrators to be appointed, one by a committee of two representing all the subcontractors on said construction work, and the third to be appointed by said [defendant] and the arbitrator appointed by the parties interested." *Held*, that the stipulation as to arbitration was not made a condition precedent to a right to recover upon the contract and was distinct and severable from the agreement to pay a *pro rata* share of the amount received by the defendant.

In the same case it was *intimated* that the arbitration clause above described was invalid on the ground that it is contrary to natural right and fundamental principles of the common law for one to judge his own cause; but this point was not decided, because it was enough to say that it could not be presumed that the parties intended to make such an arbitration a condition precedent to a right of action without using words far more explicit than were to be found in the agreement in the present case.

In the same case it was *held* that the allegations admitted by demurrer in regard to the fraud and deceit practiced upon the plaintiff by the defendant in regard to the amounts received by him from the railroad corporation and the purposes for which they were received, and in regard to the expenses and disbursements made by the defendant, made it plain that the defendant had incapacitated himself from acting as an arbitrator by his fraudulent conduct in regard to the matter in controversy; that therefore it was impossible that there should be such an arbitration as was contemplated by the contract; and that the defendant, by his culpable acts having rendered a resort to arbitration impossible, could not be heard to contest his liability by reason of the failure of the arbitration.

It also was *held* that the arbitration clause in the present case fell within the general rule well settled in this Commonwealth that an agreement to refer to arbitration, when not made a condition precedent of the right to sue, will not be sustained as a bar to an action at law or a suit in equity.

In the same case it was *said* that it was not necessary to determine whether the arbitration clause in question was invalid as an agreement to oust the courts of their jurisdiction.

In the same case it was *held* that, whether the plaintiff should recover in contract or in tort, the measure of the damages to which he was entitled was the difference between the amount actually received by him from the defendant and the

amount to which he was entitled upon a true accounting in accordance with the contract between the parties.

In the same case it was *held* that, in any event, the plaintiff was entitled to retain the amount of money paid to him by the defendant, which the defendant had admitted to be due.

By R. L. c. 173, § 12, a plaintiff declaring on a common count must "file a bill of particulars with his writ when it is entered" and a failure to do so is ground for demurrer; but, in such a case, the defect being a purely formal one, leave to amend by filing a bill of particulars ordinarily will be granted.

RUGG, C. J.   These are three actions at law which have been reported by a judge of the Superior Court* for determination as to the correctness of his orders overruling the defendant's demurrers to the several declarations.   The action by the Brocklehurst and Potter Company will be considered first.   The declaration is in three counts, the first in tort, and the second and third in contract.

The first count sets out in substance, that the defendant was a general contractor for the construction of a portion of the lines of the Southern New England Railroad and that the plaintiff had a subcontract with him for the doing of some of this construction; that the railroad corporation, in violation of its contract with the defendant, stopped all work upon his contract and thereupon the plaintiff and the defendant entered into a written contract under date of February 22, 1913, for the adjustment of their respective rights and obligations toward each other growing out of the enforced suspension of all work by the defendant and his subcontractor due to the action of the railroad corporation.   The essential features of this contract were a release by the plaintiff of all liability to it on the part of the defendant on account of work done by it on the railroad, with an obligation by the defendant to present to the railroad corporation all claims for damages to the plaintiff and all damages of his own and to collect and adjust the same, the defendant being given full authority in the premises both to settle and to sue for the plaintiff.   Then followed this agreement: "and in the event that settlement is made by said [railroad] corporation with said Marsch, the said Marsch shall pay to said company [the plaintiff] *pro rata* share of the amount recovered, taking into consideration in said *pro rata* distribution all things relating to the work performed, including plant, general outfit, etc.; and in case said company [the plaintiff] and

---

\* *McLaughlin*, J.

said Marsch are unable to agree upon said *pro rata* distribution, then, and in that event, the distribution shall be made by three arbitrators whose decision, it is hereby agreed, shall be final. Said board of arbitration shall be composed of said Marsch and two disinterested members who have a practical knowledge of such work as has been performed; said arbitrators to be appointed, one by a committee of two representing all the subcontractors on said construction work, and the third to be appointed by said Marsch and the arbitrator appointed by the parties interested." Further allegations are that the defendant settled all claims with the railroad corporation and by fraud represented to the plaintiff that the net amount received by him was less than it was in truth, and that his expenses incurred in connection with the settlement were greater than they were in fact, whereby the plaintiff was induced to and did execute a release to the defendant in return for the payment of a sum much less than its *pro rata* share provided for in the agreement and that by reason of these false and fraudulent representations the plaintiff has been damaged.

The second count sets out substantially the same allegations of facts and concludes that "the defendant has made a breach of the terms of his contract, all to the great damage of the plaintiff." The third count is for money had and received by the defendant to the plaintiff's use. All the counts are alleged to be for one and the same cause of action.

The joinder of these several counts in one action was permissible under R. L. c. 173, § 6, cl. 6. *Crafts* v. *Belden*, 99 Mass. 535. *Morse* v. *Hutchins*, 102 Mass. 439. *Whitside* v. *Brawley*, 152 Mass. 133. *Brown* v. *Sallinger*, 214 Mass. 245.

The allegations of fraud and misrepresentations of fact in obtaining the release of all claims and demands against the defendant, dated September 11, 1913, as set out at length in count two, doubtless were not necessary to a statement of the substantive facts out of which the plaintiff's claim arose. It may be assumed that these allegations were made in anticipation of and in answer to an expected defence of a release under seal. Although not a ground for demurrer, the pleading in the declaration in an action at law of a reply to an apprehended defence is not to be commended. Stephen on Pleading, (Williston's ed.) 422 and cases cited.

It becomes necessary to determine the nature of the contract

of February 22, 1913. Its purpose was to provide a method for the adjustment of the claim for damages which the plaintiff had against the defendant by reason of being prevented from carrying forward to completion its subcontract for construction work upon the railroad. A part of its consideration was the execution and delivery by the plaintiff of a release under seal of all its claims for damages against the defendant for that cause of action. In substitution for all such claims, there is a promise by the defendant to present seasonably all his claims and all claims of the plaintiff against the railroad corporation and in case of a settlement of these claims he further promises to pay to the plaintiff a "*pro rata* share of the amount recovered, taking into consideration in said *pro rata* distribution all things relating to the work performed, including plant, general outfit, etc." That promise is direct, plain and unequivocal. It is not made to depend upon any other act, event or conduct. It is disconnected from any other consideration. It is separated both in form of grammatical structure and in the substance of the subject matter from the arbitration clause. The amount of money which thus it was stipulated should be paid to the plaintiff by the defendant is as easy of ascertainment by the usual methods of court trial as are damages in many cases. The sum of money actually received by the defendant must be provable without difficulty. His expenses and disbursements stand on the same footing. On the averments of the declaration "steam shovel units or their equivalents" were adopted by the parties as the correct basis for distribution. But, even if this be not so, there appears to be no insurmountable obstacle in assessing damages. No greater difficulties exist than often are encountered by courts and juries. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 8. *C. W. Hunt Co.* v. *Boston Elevated Railway,* 199 Mass. 220, 236. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 493.

The stipulation as to arbitration is not made a condition precedent to a right to recover upon the contract. It is distinct and severable from the agreement to pay a *pro rata* share of the amount recovered by the defendant. The phrase of the contract in this respect is markedly different, for example, from that of the standard form of insurance. St. 1907, c. 576, § 60. *Second Society of Universalists* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 525, 526. It is in legal effect like those found in *Reed* v. *Washington Fire &*

*Marine Ins. Co.* 138 Mass. 572, *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 94, and *Derby Desk Co.* v. *Conners Brothers Construction Co.* 204 Mass. 461, 467. See *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 429.

The contract in this respect is plainly distinguishable from those before the court in *Hood* v. *Hartshorn,* 100 Mass. 117, and *Old Colony Street Railway* v. *Brockton & Plymouth Street Railway,* 218 Mass. 84.

This construction is reinforced by the consideration that there is doubt about the validity of any arbitration clause which would constitute one party to a dispute a member of a board of arbitration to pass upon his own claims. Arbitration implies the exercise of the judicial function. An arbitrator ought to be free from prejudice and able to maintain a fair attitude of mind toward the subject of controversy. It would be a travesty upon all ideas of judicial propriety or of judicial work for a man to be an arbitrator to settle the amount of his own liability. It is contrary to natural right and fundamental principles of the common law for one to judge his own cause. *Pearce* v. *Atwood,* 13 Mass. 324. *Strong* v. *Strong,* 9 Cush. 560, 570. *McGregor* v. *Crane,* 98 Mass. 530. See in this connection *Hickman & Co.* v. *Roberts,* [1913] A. C. 229. *Bristol Corp.* v. *John Aird & Co.* [1913] A. C. 241, 247, 248, 254, 255. There is nothing in *Fox* v. *Hazelton,* 10 Pick. 275, which gives countenance to the contention that an agreement to submit a controversy to the decision of a party can be sustained. Without deciding this point, it is enough to say that it cannot be presumed that the parties intended to make such an arbitration a condition precedent to a right of action without far more explicit words than are found in the agreement here presented.

Moreover, the allegations of fraud and deceit practiced upon the plaintiff by the defendant, respecting the amounts received by him from the railroad corporation and the purposes for which they were received, and the expenses and disbursements made by him, are ample and explicit. Upon a demurrer these allegations must be assumed to be true. Whatever else may be said as to the force of the arbitration clause, it is plain upon the allegations of the declaration that the defendant has incapacitated himself by reason of his fraudulent conduct as to the very matter in controversy from acting as an arbitrator. He has made misrepresentations of a flagrant character touching the amount received by

him from the railroad corporation for breach of his contract with it, the sums paid by him for attorneys' fees and other expenses and for the settlement of an outside claim, and as to the number of "steam shovel units" employed on the work. If there were no other objection to his serving as an arbitrator, this consideration would render it impossible that there should be an arbitration such as is contemplated by the contract. Arbitration in any legal sense has become impossible through the culpable acts of the defendant. Where a party to an arbitration contract has rendered performance impossible, he cannot be heard to contest liability by reason of the failure of the arbitration. *Humaston* v. *Telegraph Co.* 20 Wall. 20. *Dinham* v. *Bradford,* L. R. 5 Ch. 519.

The arbitration clause falls within the general rule which "is well settled in this Commonwealth, that an agreement to refer to arbitration will not be enforced in equity, and will not be sustained as a bar to an action at law or a suit in equity." *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572, 575. *Rowe* v. *Williams,* 97 Mass. 163. *Wood* v. *Humphrey,* 114 Mass. 185. *Evans* v. *Clapp,* 123 Mass. 165. *White* v. *Middlesex Railroad,* 135 Mass. 216. When an award of arbitration is not "made a condition precedent to the right to sue, each [party] was at liberty to resort to the courts for a settlement of their differences." *Norcross Brothers Co.* v. *Vose,* 199 Mass. 81, 94. *Derby Desk Co.* v. *Conners Brothers Construction Co., ubi supra. Hanley* v. *Aetna Ins. Co., ubi supra.* It is not necessary to determine whether the agreement is obnoxious also to the rule that an agreement to oust courts of jurisdiction is invalid, as to which see *Lewis* v. *Brotherhood Accident Co.* 194 Mass. 1, and *Bauer* v. *International Waste Co.* 201 Mass. 197, 202.

The measure of damages to which the plaintiff may be entitled, whether in tort or contract, is the same. It is the difference between the amount actually received by the plaintiff and that to which it is entitled upon a true accounting in accordance with the contract of February 22, 1913. The case upon this point is quite distinguishable from *Gallagher* v. *Hussion,* 211 Mass. 369, and like cases.

No obligation rested on the plaintiff to return before bringing action the amount received by it when the release was executed. It is the general rule that when one undertakes to avoid the effect

of a contract made by him, he must restore what he has received under it before he can bring any action. *Drohan* v. *Lake Shore & Michigan Southern Railway*, 162 Mass. 435, and cases cited at 437. *Moore* v. *Massachusetts Benefit Association*, 165 Mass. 517. *Ewing* v. *Composite Brake Shoe Co.* 169 Mass. 72. *Lima* v. *Campbell*, 219 Mass. 253, 258. At law one cannot retain the fruit of a fraud when, accepting as true his pleadings respecting that fraud, that fruit belongs to the defendant. The reason for that rule is that "the plaintiff, as far as it is in his power, shall put the defendant *in statu quo*, by restoring and revesting his former property in him, without putting him to an action to recover it, before he can exercise his own right to take back the property sold, or bring an action for it." Shaw, C. J. *Thayer* v. *Turner*, 8 Met. 550, at page 552. *Kimball* v. *Cunningham*, 4 Mass. 502. This rule is as applicable to ordinary actions of tort as of contract. The reason for the rule does not exist in the case at bar. On the averments of the declaration the amount paid to the plaintiff was conceded to be due it by the defendant. The plaintiff is retaining only its own whichever party may prevail ultimately. If the plaintiff is right, it was but a payment on account; if the defendant is right, his obligation has been satisfied in full. In any event, on the allegations of the declaration the amount already paid will be retained by the plaintiff. The payment is referable to the amount due under the contract between the plaintiff and defendant of February 22, 1913, either in complete or partial settlement of its obligation.

When the reason for the rule does not exist, its dry husk does not stand in the way of reaching a just result. A party in attempting to rescind a transaction on the ground of fraud, mistake or otherwise, is not bound to restore that which he has received by virtue thereof when, in any event, he is entitled to retain it as indisputably his own whatever may be the fate of his effort to rescind the transaction. *Cobb* v. *Tirrell*, 137 Mass. 143. *Cobb* v. *Fogg*, 166 Mass. 466, 479. *Bruce* v. *Anderson*, 176 Mass. 161, 162. In this respect the rule at law approaches that prevailing in equity. *Thomas* v. *Beals*, 154 Mass. 51, 55. *Parker* v. *Simpson*, 180 Mass. 334, 343. *Atkins* v. *Atkins*, 195 Mass. 124, 132. *Kley* v. *Healy*, 127 N. Y. 555, 561. The case at bar in this regard is somewhat analogous to *Bliss* v. *New York Central & Hudson River Railroad*,

160 Mass. 447, 456, *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345, and similar cases.

It follows that the demurrer was overruled rightly as to the first two counts.

The third count for money had and received was one of the common counts. "If one of the common counts is used, the plaintiff shall file a bill of particulars with his writ when it is entered." R. L. c. 173, § 12. Demurrers may be filed for the cause "That the declaration or some count thereof does not state a legal cause of action substantially in accordance with the rules contained in this chapter." R. L. c. 173, § 16. The express mandate of the statute for a bill of particulars in the common counts is more imperative than the simple right to ask for the filing of specifications, as to which see *Gardner* v. *Gardner,* 2 Gray, 434, and *Blake* v. *Everett,* 1 Allen, 248. Therefore, the demurrer to count three should have been sustained. *Preston* v. *Neale,* 12 Gray, 222. But as this is a purely formal defect, leave to amend by filing a bill of particulars ordinarily would be allowed.

The action of Read against the defendant stands upon the same ground as that of the Brocklehurst and Potter Company, and is governed in all respects by what has been said.

The action of William McLean is brought in his name as assignee of a corporation. Count one of his declaration is in deceit and alleges fraudulent misrepresentations made by the defendant to the assignor of the plaintiff. The right of the assignor for damages arising out of deceit under the circumstances here disclosed was not assignable. *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 479. *Lee* v. *Fisk,* 222 Mass. 418. See *Rockwell* v. *Furness,* 215 Mass. 557. The demurrer to this count should have been sustained. The other counts in this declaration, although differing in the facts alleged from those in the Brocklehurst and Potter Company case, are governed by the same legal principles.

The result is that in accordance with the terms of the report the entries must be as follows: In the Brocklehurst and Potter Company and in the Read cases the demurrer is overruled as to the first and second counts, and the defendant is to answer as to these counts; the demurrer to the third count is sustained. In the McLean case the demurrer is sustained as to the first and third counts and overruled as to the second count, as to

which the defendant is to answer. On each of the counts in the several actions to which the demurrer is sustained, judgment is to be entered for the defendant unless an amendment to the declaration shall be allowed by the Superior Court.

*So ordered.*

*R. E. Tibbetts*, for the defendant.

*H. N. Longley*, (*C. G. Metzler* with him,) for the plaintiffs.