Sanborn, J.
This is an action of contract, the declaration containing four counts, the last one of which has been waived. The declaration is not set forth in the report. In Count 1, the plaintiff seeks to recover the sum of $414.60, the balance due under a written Sales Contract, the material portion of which as stated in the report is as follows:
“The purchaser acknowledges delivery of the above described tower equipment [one (1) Penn Indoor Cooling *46 Tower, Model B. M. #3, Current A. C.] for which the purchaser agrees to pay.......... the sum of four hundred fourteen and 60/100ths Dollars ($414.60) ”.
The report contains the following statement or description of Count 2:
“In Count 2, the plaintiff seeks to recover the balance of four hundred fourteen and 60/100ths Dollars ($414.60) under the Sales Contract, as set forth in COUNT 1, but, in addition, sets forth that after the defendant refused to pay for the Cooling Tower after delivery and installation, the defendant returned the said Cooling Tower to the plaintiff and gave the plaintiff its check for the sum of fifty dollars ($50.00), for which the plaintiff would release and discharge the defendant of its liability under the said contract, but that the defendant thereafter stopped payment of said check for fifty dollars ($50.00) and refused to pay the same. The plaintiff therefore seeks to recover the full amount of the original contract.”
Count 3, is for the recovery of $60.00, the price of a special Pan, an extra.
The answer is a general denial. By agreement, this action was tried with a cross action in tort between the same parties, in which the plaintiff therein sought to recover damages for negligence in selecting and setting up the Cooling Tower in question.
There was evidence tending to show and the Court made the following findings of facts:
“ (1) On November 5,1936, the plaintiff and the defendant entered into a written contract under the terms of which the plaintiff agreed to sell, and the defendant agreed to buy, one Penn Indoor Cooling Tower. The title was to remain in the plaintiff until fully paid for. (Exhibit 2.) The total time selling price was $464.60. The defendant made a down payment of $50 leaving a balance *47 of $414.60. The Cooling Tower was to be used in the defendant’s business, and for the purpose of cooling water, which in turn would cool milk.
(2) The plaintiff installed this tower in the defendant’s place of business. The defendant was not satisfied because the fan made considerable noise. It was then agreed between the parties that the present fan be removed and a new one installed. The cost of the new fan together with the installation charges would be $60. The plaintiff and defendant each agreed to stand $30 of this cost. At various times it was necessary for the plaintiff to make certain adjustments to the equipment. After the installation of the new fan the defendant still was not satisfied.
(3) It was then agreed between the parties that the plaintiff was to dismantle and take back the Cooling Tower including'the new fan, and the defendant was to pay the plaintiff $50.
(4) The plaintiff took the equipment back and the defendant gave the plaintiff a cheek for $50. The plaintiff returned to the defendant the original contract”, (Exhibit #2, which is hereby incorporated by reference,) “with its name as a party to it crossed out. Through error on the part of the defendant, the check was postdated one day. An officer of the plaintiff corporation went to the defendant’s bank to have the check certified. The bank would not certify the check as it was postdated. The officer of the plaintiff corporation then went to the home of the defendant, and the defendant, upon learning of the error, offered to give the officer another check correctly dated. The officer decided to retain the check and put the check through the plaintiff’s bank to be collected in the ordinary course of business.
(5) Subsequently and before this check was collected, the defendant received a number of complaints from his customers about the milk that he had delivered to them. The defendant believed that the complaints were caused by the improper cooling of the milk by the Cooling Tower, and because of those complaints the defendant stopped pay *48 ment on the check for $50. The defendant has not since paid to plaintiff the sum of $50.
(6) I find for the plaintiff in the sum of $50 together with interest thereon from January 14, 1937 on Count 2 of the plaintiff’s declaration, and amended declaration.
(7) I find for the defendant on Counts 1, 3 and 4 of the plaintiff’s declaration.”
“The evidence tending to show the facts, found by the Court as hereinabove set forth in Paragraphs 3, 4 and 5 of the findings of the Court was admitted under Count 2 of the plaintiff’s declaration and not under Counts 1, 3 and 4. In addition there was evidence tending to show that the fair value of the Cooling Tower at the time, it was returned to the plaintiff was $135.00.”
The plaintiff filed twenty-two requests for rulings, of which the Court denied #1, #3 and #20, allowed #2, with qualifications, and did not pass on the others. The questions presented to this Court by the rulings and omissions to rule, by the trial Court, relate to the right of the defendant to show under the pleadings the agreement by which the original sales contract was cancelled by the substitution of one providing for the return of the property sold and the payment of $50, and the correctness of the finding for the plaintiff for the latter amount.
Count 1 is for the balance of the purchase price of the article in question, due under a written sales contract.
Count 2 is for the same thing and as described in the report, differs from Count 1, only in that it sets forth an agreement entered into by the parties for the satisfaction or discharge of the Contract of Sale, which new agreement the defendant failed to perform in part, by refusing to permit payment of a check for $50.
Such allegations as are set forth in. Count 2 relating to the new agreement, and its breach by the defendant, were *49 made, it may be assumed, in anticipation of and in answer to an expected defence. The plaintiff apparently expected the defendant would set up accord and satisfaction in his answer. Those allegations, however, are not necessary to a statement- of the substantive facts out of which the plaintiff’s claim arose, namely, the claim of a balance of $414.60 due under a sales contract. As stated in Brocklehurst and Potter Co. vs. Marsch, 225 Mass. 3, setting up in the declaration a reply to an expected defense, is not a ground for demurrer, but is a practice not to be commended. Allegations not necessary to a statement of the plaintiff’s case, are to be treated as surplusage. They need not be proved. French vs. Lawrence, 190 Mass. 230, Lyons vs. Merrick, 105 Mass. 71-77, King vs. Faust, 161 Mass. 449, Brocklehurst & Potter Co. vs. Marsch, supra. Count,2 must, therefore, be construed as a Count for the recovery of the balance of $414.60 due under the Sales Contract, as stated in the first and last sentences of the Count, and not one for the recovery of the amount of the check that was part of the Second or substituted agreement.
Evidence was introduced under Count 2, and so far as appears without objection, of 'the new agreement by which liability under the sales contract was to be discharged by the return of the articles and the payment of fifty dollars. The articles were returned, but payment of the check for $50.00 was not made, and the Court made a finding for that amount.
In the opinion of this Court, the question as to whether there had been an accord and satisfaction of the Sales Contract, or whether a new contract had been entered into in avoidance of it, were not issues before the trial Court. The. defendant pleaded a general denial. That answer put in issue only those allegations in the declara *50 tian necessary to the support of the plaintiff’s case. If the defendant intended to rest his defence upon any fact not included in the allegations necessary to support the plaintiff’s case, he must plead it affirmatively by setting it out in clear and precise terms in his answer. G. L. Ch. 231, §28, Nashua River Co. vs. Lindsey, 242 Mass. 206, Mulrey vs. Mohawk Valley Insurance Co., 5 Gray 541, French vs. Lawrence, 190 Mass. 230, Friedenwald Co. vs. Warren, 195 Mass. 432.
There was nothing properly before the Court upon which to base a finding of $50 for the plaintiff, assuming the unpaid balance due on the Sales Contract was $414.60 as the Court found to be the fact.
It is unnecessary, therefore, to consider whether there was an accord, or accord and satisfaction, or accord and partial satisfaction, or a novation, or to what extent the rights and obligations of the parties might be affected by such a subsequent agreement.
The omission of the trial Court to take action on eighteen of the plaintiff’s requests for rulings, is to be construed under the circumstances as a denial of them. Hetherington & Sons vs. Wm. Firth Co., 210 Mass. 10, Hurley vs. Boston Elevated Railway, 213 Mass. 192, Jaswikiewics vs. Wright, 288 Mass. 63-65, Sullivan vs. Roche, 257 Mass. 166-169. Kravetz vs. Lipofsky, 1936 Adv. Sh. 761. Of those requests which are thus held to be denied, are— #15. “Under the defendant’s answer, he cannot show accord and satisfaction.” #18. “Under the defendant’s answer, he cannot show novation.”
Those requests for rulings correctly stated the law, and should have been given. Their denial constituted prejudicial error and there should be a new trial.